**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

FRANCES RENEE
MILLER/PERRY *et al.*                                                                   PLAINTIFFS
ADC #708998

V.                                              NO: 1:08CV00031 SWW/HDY

MARK CULLIOM *et al.*                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff,[1] an inmate at the McPherson Unit of the Arkansas Department of Correction, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that she was the victim of sexual assault and excessive force used by Defendants in a July 2, 2007, incident. Defendants are Lt. Mark Culliom; Warden John Maples; Correctional Officers Christy Boozer Cole, Randall Anderson, and Martin Pope; Cpl. Carolyn Fortune, and Cpl. John Sherberth. On November 20, 2009, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #112-#114). Plaintiff filed a response on December 14, 2009 (docket entry #130).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1]Frances Renee Miller/Perry is the only Plaintiff in this case at this time. Former Plaintiff William Earl Miller's claims were dismissed at his request on August 7, 2008 (docket entry #19). As used herein, "Plaintiff" refers to only to Frances Renee Miller/Perry.

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, she was sexually assaulted and the victim of excessive force when a cell extraction team entered her cell and removed her clothing. Defendants Culliom, Pope, Cole, Anderson, Fortune, and Sherberth, were members of the extraction team.

To establish a claim for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The incident arose when Plaintiff began "acting out" in her cell, including covering her windows with toothpaste (docket entry #113, exhibit A, page #16 & #45). Plaintiff had refused a request to clean the toothpaste off the windows (docket entry #113, exhibit A, page #22). Plaintiff

3

has a history of mental illness, and had previously been placed on suicide watch on June 26, 2007,

after she attempted to hang herself with a sheet (docket entry #113, exhibit A, pages #15, #21, &

#47-#49).   On the date at issue here, June Lloyd, a mental health professional, believed that

Plaintiff's clothing needed to be removed as a precaution against another suicide attempt.   According

to Lloyd, once Plaintiff began "acting out," her behavior generally escalated to tying something

around her neck (docket entry #113, exhibit A, pages #45, & #78).   Defendants have submitted as

an exhibit an audio/video recording of the entire incident (docket entry #113, exhibit B), which

clearly shows Plaintiff stating that she will not remove her clothing.[2]   Plaintiff is seen in the video

struggling with the officers who were attempting to remove her clothing after her refusal.   The

recording shows that force was used, but clearly shows that no force was excessive.   Plaintiff

testified that her injuries were only bruises that resulted from the extraction team's yanking on her

clothes to remove them (docket entry #113, exhibit A, pages #41-#42).   Although Plaintiff may have

had minor bumps and bruises as a result of the incident, the force used by the extraction team was

proportionate to the need, and any injuries she sustained were the result of her resistance.

Plaintiff's allegation of sexual abuse is based on the fact that her clothes were removed

without her consent (docket entry #113, exhibit A, pages #63-#64, & #78).   Although Plaintiff may

not have wanted the clothes removed, an extraction team removing clothing at the direction of a

mental health professional in an effort to ensure an inmate's safety is not sexual abuse.   Plaintiff also

asserts that she was touched "near" her vaginal area by Fortune, as Fortune removed her clothes

(docket entry #113, exhibit A, page #33-#34, & #64).   However, the video of the incident

---

[2]Plaintiff viewed the recording at her deposition, and agreed that the recording was of the
incident at issue in this complaint (docket entry #113, exhibit A, pages #61-#62).

demonstrates that any touching near Plaintiff's private areas was incidental to the removal of her clothing, was done only by a female officer, and can hardly be considered a sexual assault.

Plaintiff's allegations of excessive force and sexual abuse are squarely contradicted by the recording of the events at issue.  In such cases, the United States Supreme Court has held that when a party's version of events is blatantly contradicted by the record, including videotape, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment, but should view the facts in the light depicted by the videotape.  *Scott v. Harris*, 550 U.S. 372, 380-381 (2007).  In the light of the audio/video evidence, and other evidence, that Defendants have presented, no material facts remain in dispute, and Defendants are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #112) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   17   day of December, 2009.


_____
UNITED STATES MAGISTRATE JUDGE